UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN THOMAS,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>ALLIED VAN LINES,<br><br>　　　　　　Defendant(s). | Case No.2:24-CV-1537  JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Karen Thomas' motion for summary judgment. (ECF No. 19).  Defendant Allied Van Lines, Inc. ("Allied") filed a response (ECF No. 22), to which plaintiff replied (ECF No. 28).

Also before the court is defendant's motion for partial summary judgment.  (ECF No. 18). Plaintiff filed a response (ECF No. 23), to which defendant replied (ECF No. 29).

**I.　　Background**

Plaintiff filed the instant action against defendant, asserting one claim for relief under the Carmack Amendment, 49 U.S.C. § 14706.  She now moves for summary judgment on that claim, and defendant moves for partial summary judgment on the same.  There is no genuine dispute as to the following material facts.

Plaintiff entered a contract with Coleman American Moving Services, an agent of defendant Allied Van Lines, Inc., to move her household belongings to her new residence in Arkansas.  (ECF No. 18 at 2; ECF No. 19 at 2).  Pursuant to an order between the parties, plaintiff paid defendant approximately $13,763.90 for the transportation service.  (ECF No. 18 at 2; ECF

No. 19, Ex. 1). The order also scheduled the pickup and delivery dates and promised a $50 per diem allowance for any delays beyond the scheduled drop-off. (ECF No. 19, Ex. 1; ECF No. 22 at 2).

Defendant guaranteed a September 15, 2022, pickup, but because its moving truck already had other customers' belongings in it, defendant was unable to fit all of plaintiff's goods into the vehicle. (ECF No. 18 at 2; ECF No. 19 at 2). Defendant picked up the rest of plaintiff's belongings on September 16, 2022. (ECF No. 18 at 3; ECF No. 19 at 4).

The first portion of plaintiff's shipment arrived on time; however, the second portion did not arrive at her Arkansas residence until October 27, 2022. (ECF No. 18 at 3; ECF No. 19 at 7).

During the delayed shipment, defendant lost plaintiff's extension ladder and pruners. (ECF No. 18 at 3; ECF No. 19 at 7). Plaintiff's 65-inch Sony Bravia smart TV was also damaged beyond repair during transit. (ECF No. 19 at 7).

Defendant's employees also damaged plaintiff's floor and walls while moving her belongings into her Arkansas home. (ECF No. 18 at 3; ECF No. 19 at 5).

Plaintiff seeks recovery for damages and expenses to be incurred in connection with repairing the floor and walls. (ECF No. 19 at 20–21). She also claims she is entitled to damages for her lost or damaged personal property and a contractual "per diem" allowance due to the delay in delivering her remaining property. (*Id.* at 15–17; 22–23). Finally, she requests attorney's fees. (*Id.* at 23–24). Defendant opposes the court granting attorney's fees at this time and rejects the notion that plaintiff may recover the per diem allowance or the damage to her floor and walls. (ECF No. 18 at 4–7).

**II.   Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet his initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies his initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.  Discussion**

As an initial matter, the court denies any request for oral argument. *See* LR 78-1 (establishing that all motions may be considered and decided without a hearing and that parties wishing to request a motion may do so by inserting the words "ORAL ARGUMENT REQUESTED" below the document title on the first page of the motion or response). The parties did not comply with LR 78-1's caption requirement and the court does not find a hearing necessary to decide these motions.

A.  Judicial Estoppel & Application of the Carmack Amendment

Plaintiff first brought this case in Arkansas state court alleging state law claims of negligence and breach of contract. (ECF No. 21, Ex. 25). Defendant removed the case to the District of Arkansas on the ground that the Carmack Amendment preempts both of plaintiff's claims and invokes a federal question. (ECF No. 21, Ex. 26). The parties stipulated to dismiss the case, after which plaintiff filed in this court. (ECF No. 21, Ex. 27; ECF No. 1). Here, she alleges relief only under the Carmack Amendment. (ECF No. 1).

Plaintiff now claims that defendant is judicially estopped from disputing the application of the Carmack Amendment (which defendant attempts to do in its briefings). For the following

reasons, the court finds that the doctrine of judicial estoppel is not applicable to this case.

Judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). It is an equitable doctrine, invoked at the court's discretion, and driven by the specific facts of the case. *Burlington N. R.R. Co. v. Hundai Merch. Marine Co.*, 1999 U.S. Dist. LEXIS 23186, at *31 (C.D. Cal. Jun. 7, 1999) (citing *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993)). However, the Ninth Circuit follows the majority rule that judicial estoppel applies only if the court has relied on the party's previously inconsistent statement. *Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997).

Defendant has not previously asserted to this court that the Carmack Amendment does not apply. It has only argued that to the District of Arkansas. Accordingly, the court will not judicially estop defendant from making its Carmack Amendment arguments.

What's more, the doctrine of judicial estoppel applies to alternative arguments that might both be legally sound—just not with each other. That is not the case here. Defendant cannot soundly argue, nor can plaintiff, that the Carmack Amendment applies to real property because the Amendment applies to claims alleging delay, loss, failure to deliver or damage to personal property. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to *goods* arising from the interstate transportation of those goods by a common carrier.") (emphasis omitted) (separate emphasis added); *see also Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761, 764 (1981) (citing *Gulf, Colorado & Santa Fe Railway v. Texas Packing Co.*, 244 U.S. 31,

37 (1917)) (damages are generally determined by "the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in in the condition in which it did arrive.").[1]

Here, plaintiff claims damages to her personal property during transit and real property during the unloading of her of items. The damage to the wall and floor of her home are not covered by the Carmack Amendment, and plaintiff does not assert separate claims for negligence or breach of contract in her complaint that could viably cover such damage. (*See* ECF No. 1). Accordingly, summary judgment is granted in favor of defendant as to the real property damage claims.

B.  Damages

Under the Carmack Amendment, a carrier is liable for the "actual loss or injury to the property," 49 U.S.C. § 14706(a)(1), which is generally measured by "the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the condition in which it did arrive." *Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 764 (9th Cir. 1981) (citing *Gulf, Colorado & Santa Fe Railway v. Texas Packing Co.*, 244 U.S. 31, 37 (1917); *F.J. McCarty Co. v. Southern Pacific Co.*, 428 F.2d 690, 692 (9th Cir. 1970).

The following items were lost or irreparably damaged during shipping: a pruner ($34.98 plus tax); a ladder ($499.00 plus tax); and a Sony Bravia 65-inch TV ($1,599.99 plus tax). (ECF No. 19 at 19–20 and Exs. 3, 28; ECF No. 22 at 2). Plaintiff is entitled to the undisputed market value of the listed items, as they were rendered worthless due to defendant's conduct. Added together, plaintiff's actual damages for the loss or damage to her personal property is $2,133.97 plus tax.

---

[1] None of plaintiff's cited cases discuss damage to real property. (*See* ECF No. 28 at 2–3).

Plaintiff also claims that she is owed damages pursuant to a $50 per diem allowance clause in the parties' contract. (ECF No. 19 at 19). In support of her claim, plaintiff cites to two provisions of the Carmack Amendment, which discuss rate-setting and prohibit carriers from supplying false and misleading information regarding their rates. (ECF No. 23 at 14); 49 U.S.C. SS 13704, 13708. However, as noted above, a carrier is liable for the "actual loss or injury to the property." 49 U.S.C. § 14706(a)(1) (emphasis added). Plaintiff admits that her claim is "not for the failure to meet the guaranteed delivery date," so this is not a claim for an actual loss or injury derived from the delay in the second shipment.

She also cites to generic contract law to support her theory that she should be awarded these damages, framing them as "compensatory damages" for paying for the order with the per diem provision. (ECF No. 23 at 19). However, she has not pled a breach of contract claim. Plaintiff is ORDERED to provide supplemental briefing explaining why she is entitled to the $50 per diem allowance, when she has only pled for relief under the Carmack Amendment.

C. Attorney's Fees

Plaintiff moves for attorney's fees under 49 U.S.C. § 14708(d) and (f). Under subsection (d), a shipper can recover attorneys' fees "in any court action to resolve a dispute" with a carrier where (1) the move is a collect-on-delivery shipment, (2) the shipper submitted a claim within 120 days of delivery, (3) the shipper prevails in the action, (4) the shipper was not advised by the carrier during the claims process of the availability of a dispute settlement program, and (5) no decision on the dispute was issued through arbitration. *See* 49 U.S.C. § 14708(d), (f).

It is undisputed that the shipment was collect-on-delivery, and plaintiff submitted her claims within one month of the second delivery. (ECF No. 19 at 23; ECF No. 22 at 1). During the claims process, defendant failed to inform plaintiff of the existence of a dispute settlement

program, and the parties did not arbitrate the dispute. (ECF No. 19 at 23–24; ECF No. 22 at 1).

As previously discussed, plaintiff will not entirely prevail in the action. She is instructed to provide supplemental briefing, within an appropriate motion for attorney's fees, explaining what reasonable fees she is entitled to, if any, considering this court's order.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 19) be, and the same hereby is, GRANTED in part, and DENIED in part, without prejudice. The motion is granted as to its claim for damaged or lost personal property.

IT IS ALSO ORDERED that defendant's motion for partial summary judgment (ECF No. 18) be, and the same hereby is, GRANTED in part. The motion is granted as to plaintiff's claim for damages to the walls and floors of her home and request for attorney's fees.

Plaintiff is HEREBY ORDERED to submit supplemental briefing, within an appropriate motion for attorney's fees, explaining what reasonable fees she is entitled to, if any, considering this court's order. She is encouraged to attach an appropriate proposed order.

DATED December 18, 2025.

_____
UNITED STATES DISTRICT JUDGE