UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KAREN THOMAS,

Plaintiff(s),

v.

ALLIED VAN LINES, INC.,

Defendant(s).

Case No. 2:24-CV-1537 JCM (BNW)

ORDER

Presently before the court is plaintiff Karen Thomas' supplemental briefing in support of her request for contractual per diem damages. (ECF No. 31). Defendant Allied Van Lines filed a response (ECF No. 33), to which plaintiff replied (ECF No. 37). The court hereby **STRIKES** the response and reply, as they were filed without leave of court. *See* LR 7-2(g); (ECF Nos. 33, 37).

I.      **Background**

This is an action for relief under the Carmack Amendment, 49 U.S.C. § 14706. Plaintiff entered into a contract with Coleman American Moving Services, an agent of defendant Allied Van Lines, Inc., to move her household belongings to her new residence in Arkansas. (ECF No. 18 at 2); (ECF No. 19 at 2). Her order and bill of lading scheduled a guaranteed pickup and delivery window and promised a $50 per diem allowance for any delays beyond the scheduled drop-off. (ECF No. 19, Ex. 1); (ECF No. 22 at 2); (ECF No. 31, Ex. 1).

Defendant was unable to pick up all of plaintiff's belongings within the guaranteed pickup window because the moving truck already contained other customers' belongings. (ECF No. 18 at 2); (ECF No. 19 at 2). It picked up plaintiff's remaining belongings after the window closed and delivered that portion of the shipment thirty days after the guaranteed delivery date. (ECF No. 19, Ex. 1); (ECF No. 22 at 2); (ECF No. 20, Ex. 3 ¶ 30) (Thomas Aff.); (ECF No. 20, Ex. 2 at

James C. Mahan
U.S. District Judge

21:23–25) (Thomas Dep.).  Due to the delay, plaintiff was required to spend $300 to purchase items while awaiting delivery.  (ECF No. 19 at 22); (ECF No. 20, Ex. 3 ¶¶ 18, 29).

During the delayed shipment, defendant lost plaintiff's extension ladder and pruners.  (ECF No. 18 at 3); (ECF No. 19 at 7).  Plaintiff's 65-inch Sony Bravia smart TV was also damaged beyond repair during transit.  (ECF No. 19 at 7).

The court granted plaintiff summary judgment in part with respect to her claim for damaged or lost personal property.  (ECF No. 30 at 8).  In her motion for summary judgment, plaintiff asserted that, pursuant to a clause in her bill of lading, she is owed a "daily allowance of $50 per day for 3,500 lbs and less" for the tardy shipment of her remaining belongings.  (ECF No. 19 at 19); (ECF No. 31, Ex. 1) (contract and bill of lading); (ECF No. 27, Ex. 7) (signed bill of lading & freight bill reflecting that overflow shipment weighed 2,150 lbs).

The court found that this damages claim was not for "actual loss or injury" to her personal property, which is the relief provided under 49 U.S.C. § 14706(a)(1), and accordingly ordered plaintiff to submit supplemental briefing explaining why she should be awarded these damages when she did not allege a separate breach of contract claim.  (ECF No. 32 at 7); *see also* 49 U.S.C. § 14706(a)(1).

## II.    Discussion

After reviewing the supplemental briefing, the court finds that the per diem damages are recoverable under the Carmack Amendment.[1]  Because the undisputed facts from the summary judgment briefings and evidence show that defendant delivered the overflow portion of the shipment thirty days after the guaranteed delivery date, plaintiff is entitled to per diem damages in the amount of $1,450.

"It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).  The statute applies "to damages caused by delay in making

---

[1] To the extent that this decision conflicts with the court's reasoning in its summary judgment order, this order and judgment prevails. *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (the court has inherent power to reconsider a prior order).

**James C. Mahan**
**U.S. District Judge**

- 2 -

a delivery." *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936) (holding that Carmack Amendment controlled in suit where motion picture was not delivered in time to be exhibited as advertised). In other words, the carrier is responsible for "what is delivered as well as when it is delivered." *Am. Synthetic Rubber Corp. v. Louisville & N.R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970); *see Hall*, 476 F.3d at 688; *see also Georgia, Florida & Alabama Ry. v. Blish Milling Co.*, 241 U.S. 190, 195 (1916) (delivery "must mean delivery as required by the contract, and the terms of the stipulation are comprehensive").

Plaintiff's claim for per diem damages arises from defendant's failure to deliver the overflow portion of her personal property within the guaranteed delivery date. Accordingly, the Carmack Amendment is the exclusive cause of action for damages arising from the tardy shipment. *See Hall*, 476 F.3d at 688.

Courts in the Ninth Circuit "apply general principles of contract interpretation when construing a bill of lading." *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1098 (9th Cir. 2011). It follows that "a carrier is answerable in damages for its breach of the contract of carriage." *Am. Synthetic Rubber Corp.*, 422 F.2d at 466.

The Supreme Court has broadly construed the Carmack Amendment to "embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *N.Y., Philadelphia & Norfolk R.R. Co. v. Peninsula Produce Exch. of Md.*, 240 U.S. 34, 38 (1906). The Western District of Texas has likewise reasoned that "the term 'loss' must be construed broadly and encompass the complete regulatory scheme envisioned by the Interstate Commerce Act." *Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F. Supp. 2d 775, 777 (W.D. Tex. 2004).

This construction is in line with Congress' express provision in 49 U.S.C. § 13704 permitting motor carriers to establish a penalty or per diem payment in the event that the carrier fails to pick up or deliver household goods at the specified time. *See Shippers Nat'l Freight Claim Council, Inc. v. Interstate Commerce Comm'n*, 712 F.2d 740, 756 (2d Cir. 1983) (Pratt, J., dissenting) ("Congress authorized several new devices. . . guaranteed pick-up and delivery times backed by penalties or per diem payments for delay."); *Se. Express Co.*, 299 U.S. at 29 ("The broad

**James C. Mahan**
**U.S. District Judge**

- 3 -

purpose of the [Carmack Amendment] is to compel the establishment of reasonable rates and to provide for their uniform application.").

Establishing a penalty or per diem payment is a contractual agreement of what the parties consider "loss" in the event of delayed shipment. If breach of this provision by means of nonpayment occurs, the Carmack Amendment is the appropriate avenue to seek relief. *See Hall*, 476 F.3d at 688; *see, e.g.*, *Am. Synthetic Rubber Corp.*, 422 F.2d at 466; *Richter v. North Am. Van Lines, Inc.*, 110 F. Supp. 2d 406, 412 (D. Md. 2000). To rule otherwise would deprive the plaintiff of a remedy to which the parties contractually agreed in the contract of carriage and bill of lading. (*See* ECF 31, Ex. 1). As the Fifth Circuit aptly stated, "[n]o authority cited or that we have found indicates that Congress intended by the Carmack Amendment that an injured consignee be deprived of a remedy for breach of contract available to him under general contractual theory." *Air Prods. & Chemicals, Inc. v. Illinois C.G.R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983).

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 19) be, and the same hereby is, **GRANTED** as to plaintiff's claim for the $50 per diem payment under the bill of lading with defendant, pursuant to the Carmack Amendment, for each day of delay in delivery of her personal property beyond the set delivery date, for a total payment amount of $1,450 owed to plaintiff by defendant.

This ruling, in combination with ECF No. 30, resolves all claims for relief made under the Carmack Amendment. The court will separately address the pending motion for attorney's fees. (ECF No. 32).

DATED May 12, 2026.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -